UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No:21-07774 |
| Bessie Robinson | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Honorable Deborah L. Thorne |

## **MEMORANDUM OPINION**

This matter comes before the court on the motion of 6837-41 South Clyde LLC, successor in interest to Providence Bank & Trust ("Creditor") for relief from the automatic stay due to lack of adequate protection of its mortgage interest in the residence of Bessie Robinson ("Debtor"). Debtor responded to the motion, and Creditor replied, arguing that Creditor does not have a monetary claim against Debtor and, therefore, there is no contractual relationship between Debtor and Creditor. This argument is incorrect: Debtor is personally liable to Creditor under the promissory note signed by Debtor's predecessor in interest; and even if Debtor were not personally liable, Creditor's mortgage interest is a claim against property of Debtor's bankruptcy estate protected by the stay. Because Creditor has failed to articulate how its interest is inadequately protected or why the stay should be modified, the court denies the motion without prejudice.

## **Factual Background**

Through a series of successions, Creditor now holds a promissory note executed by Lillian Robinson-Cason ("Borrower") and a valid perfected first mortgage and assignment of rents on the property located at 6837-41 South Clyde Avenue, Chicago, Illinois (the "Property"). The mortgage and assignment of rents secure the promissory note (together, the "Loan"). Legal and equitable title to the Property has always been held by the trustee of a land trust, and the trustee is both the grantor of the mortgage (the "Grantor") and a co-borrower (along with Borrower) under the promissory note. The beneficiaries of the land trust were first Borrower and then Debtor and

her son.  Upon Borrower's death in 2018, Debtor and her son jointly and severally became successors in interest to the beneficial interest in the land trust.

The parties mistakenly agree that Borrower is "the sole obligor under the Loan" and that "Debtor has no personal liability for payment" of the promissory note.  Dkt. No. 16, para. 4; Dkt. No. 23, para. 3.[1]  In fact, both Borrower and the trustee of the land trust are borrowers under the promissory note which provides that its terms are binding "upon Borrower's heirs, personal representatives, successors and assigns."  Dkt. No. 16, Exhibit A.  The Loan has been in default for failure to make payments since June 1, 2019, as well as the failure to pay the most recently due property taxes.

Creditor's predecessor in interest commenced foreclosure proceedings on the Property in state court in December 2019.  A hearing on the appointment of a receiver in the foreclosure was scheduled for June 24, 2021, but the foreclosure was stayed by the filing of Debtor's chapter 13 petition.  The plan proposed by Debtor provides that she will maintain "current contractual installment payments" on the promissory note and will cure an arrearage of $36,000 through payments to the chapter 13 trustee over the life of the plan.  Based upon the schedules and the Statement filed by Creditor, there appears to be substantial equity in the Property.

Creditor disputes the amount of the arrearage which must be cured—alleging that it amounts to $56,054.41—and claims that the real estate taxes which were due in March 2021 have not been paid.  Creditor's principal argument, however, is that there is no debtor-creditor relationship because Debtor is not personally liable to Creditor, that because Creditor has no "claim" against Debtor it is not actually a "creditor" within the meaning of §§ 101(5) and (10) of

---

[1] Although Debtor agrees to this in her response to the motion, she also maintains in her chapter 13 petition and proposed plan that she is an obligor under the Loan.

2

the Bankruptcy Code (the "Code")[2] and hence that the stay should be modified. 11 U.S.C. §§ 101(5) and (10).

## Discussion

Contrary to Creditor's representations, Debtor is personally liable to Creditor under the terms of the promissory note. Moreover, even if Debtor were not personally liable, Creditor's mortgage interest in Debtor's residence is a claim against property of Debtor's bankruptcy estate protected by the stay. For both reasons, and because Creditor has not articulated any alternative grounds for relief, Creditor's motion for relief from the automatic stay is denied without prejudice.

I.    *Debtor is personally liable to Creditor under the terms of the promissory note*

The promissory note executed on September 5, 2008, between Borrower and the trustee of Borrower's land trust on one side (as borrowers under the note) and ShoreBank on the other (as lender under the note) unambiguously establishes Debtor's personal liability to Creditor. Specifically, the promissory note provides, in relevant part:

> **FOR LOANS WHERE GRANTOR IS A LAND TRUST, LIABILITY.** BORROWER, OTHER THAN THE TRUSTEE, BY SIGNING THIS NOTE, AGREES … TO *PERSONALLY* ASSUME, UNDERTAKE AND FULFILL IN ACCORDANCE WITH THE TERMS THEREOF, EACH AND EVERY REPRESENTATION, WARRANTY, AGREEMENT, OBLIGATION, COVENANT AND DUTY OF THE GRANTOR UNDER THE MORTGAGE … . LENDER MAY EXERCISE AND ENFORCE, *PERSONALLY* AGAINST BORROWER, OTHER THAN THE TRUSTEE, ALL RIGHTS AND REMEDIES AVAILABLE TO LENDER UNDER THE MORTGAGE IN THE EVENT OF A BREACH OF A REPRESENTATION, WARRANTY, AGREEMENT, OBLIGATION, COVENANT AND DUTY OF THE GRANTOR UNDER THE MORTGAGE.

Dkt. No. 16, Exhibit A (emphasis added). To be clear, the phrase "BORROWER, OTHER THAN THE TRUSTEE," refers to Borrower, and the phrase "GRANTOR UNDER THE MORTGAGE"

---

[2] Unless otherwise noted, all subsequent statutory references refer to provisions of Title 11 of the U.S. Code.

refers to the trustee of Borrower's land trust.[3]  The promissory note further provides that "[t]he terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns." *Id.*  The parties agree that Debtor is Borrower's successor in interest, and no one disputes that Creditor is ShoreBank's successor.  Together with the two quoted provisions, this implies that Debtor is personally obligated to perform the Grantor's duties under the mortgage *and* personally liable to Creditor for any rights and remedies available to Creditor for breach of those duties.

One of the Grantor's duties under the mortgage is to "pay when due (and in all events prior to delinquency) all taxes … levied against or on account of the Property." Dkt. No. 16, Exhibit A.  Consequently, Debtor is personally liable under the terms of the promissory note for the real estate taxes that the Grantor failed to pay in March 2021.  On that basis, Creditor clearly has a "right to an equitable remedy for breach of performance" constituting a "claim" against Debtor within the meaning of § 101(5)(b).  Moreover, the mortgage further provides that upon the occurrence of an event of default (including Borrower's failure to pay when due under the promissory note or the Grantor's failure to pay taxes when due), Creditor has the right to accelerate the promissory note, rendering all indebtedness thereunder "immediately due and payable." *Id*.  Because mortgage events of default have occurred, Creditor's exercise of its right to accelerate the promissory note would render Debtor personally liable to Creditor for all indebtedness under the promissory note.  That is a "right to payment" constituting a "claim" within the meaning of § 101(5)(a).  Clearly, Creditor is owed obligations by Debtor and its claims are suitable for inclusion in Debtor's chapter 13 plan.

---

[3] The legal relationship between Borrower (as beneficiary of the land trust) and the Grantor (as trustee of the land trust) is discussed further below in Section II.B.

4

**II.**    ***Even in the absence of personal liability, Creditor's mortgage interest is a claim against property of Debtor's estate protected by the automatic stay*** [4]

The Supreme Court has held that a mortgagee with an *in rem* interest in a debtor's property is a "creditor" with "a claim against the debtor" under §§ 101(5) and (10) of the Code, even when the debtor has no personal liability to the mortgagee. *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991). Additionally, when property is held in a land trust under Illinois law, the trust beneficiary's interest in that property is considered personal property of the beneficiary. 765 ILCS 405/1; *In re Kress Rd. P'ship*, 134 B.R. 292, 298 (Bankr. N.D. Ill. 1991). Therefore, when the beneficiary of an Illinois land trust files a bankruptcy petition, any mortgagee with an *in rem* interest in the trust property is a creditor with a claim against property of the beneficiary's bankruptcy estate. As such, unless the court grants relief from the automatic stay, the stay prevents the mortgagee from foreclosing on, exercising control over or otherwise proceeding against the trust property. 11 U.S.C. § 362.

### A. *If the Property is Debtor's property, Creditor has a claim against Debtor*

As the Supreme Court explained, when Curtis Reed Johnson defaulted on promissory notes secured by a mortgage on his farm, the mortgagee began foreclosure proceedings in state court. *Johnson*, 501 U.S. at 80. Johnson filed a chapter 7 case—staying the foreclosure—and was discharged from his personal liability on the promissory notes. *Id.* Because the bankruptcy "discharge extinguishes *only* the personal liability of the debtor," the mortgagee reinitiated the foreclosure proceedings once the automatic stay was lifted and obtained an *in rem* judgment. *Id.* at 80, 83. After the state court entered judgment for the mortgagee but before the foreclosure sale, Johnson filed a chapter 13 case, listing the mortgage as a claim against his estate. *Id.* at 80-81.

---

[4] Notwithstanding the foregoing discussion, assume (solely for the sake of argument) for the duration of this Section II that Debtor has no personal liability to Creditor.

5

The bankruptcy court confirmed his chapter 13 plan, which proposed paying the mortgagee's

judgment in installments.  *Id.* at 81.  On appeal, the district court and the court of appeals

overturned the bankruptcy court, reasoning that because Johnson's personal liability had been

discharged, the mortgagee no longer held a claim against Johnson that could be rescheduled under

chapter 13.  *Id.*

The Supreme Court reversed and remanded the case, holding "that a mortgage interest that

survives the discharge of a debtor's personal liability is a "claim" within the terms of § 101(5)."

*Johnson*, 501 U.S. at 84.  As used in § 101(5), "'right to payment' means nothing more nor less

than an enforceable obligation."  *Id.* at 83 (quoting *Pennsylvania Dept. of Public Welfare v.*

*Davenport*, 495 U.S. 552, 559 (1985)).  Consequently, the Court reasoned:

> Even after the debtor's personal obligations have been extinguished, the mortgage
> holder still retains a "right to payment" in the form of its rights to the proceeds from
> the sale of the debtor's property. Alternatively, the creditor's surviving right to
> foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the
> debtor's default on the underlying obligation. Either way, there can be no doubt that
> the surviving mortgage interest corresponds to an "enforceable obligation" of the
> debtor.

*Johnson*, 501 U.S. at 84.  Analyzing the case as "a straight-forward issue of statutory construction

to be resolved by reference to the text, history, and purpose of the Bankruptcy Code," the Court

concluded "that a creditor who … has a claim enforceable only against the debtor's property

nonetheless has a claim against the debtor for purposes of the Code."  *Id.* at 85 (internal quotations

omitted).

Creditor vainly attempts to evade *Johnson* by citing case law that fails to acknowledge the

importance of an *in rem* claim against the debtor's property.  For example, *In re Wright*, 183 B.R.

541, 543 (Bankr. C.D. Ill. 1995), decided after *Johnson*, held that in the absence of any personal

liability or nonrecourse loan agreement between debtor David Wright and the mortgagee with a

foreclosure judgment against Wright's farm, the mortgagee was "not a creditor under §§ 101(10)

6

and (5) because it ha[d] neither a right to payment from the Debtor nor a "claim against the property

of the debtor" as that term was intended to be applied." *Id.* at 543. Thus, the holding in *Wright*

fails to recognize the mortgagee's *in rem* claim against Wright's farm as a "claim" against Wright

under § 101(5).

The *Wright* court's holding is inconsistent with the holding in *Johnson* and the legislative

history of § 102(2). That provision states that throughout the Code, the term "claim against the

debtor" includes claims against the property of the debtor. 11 U.S.C. § 102(2). Whereas the

Supreme Court—interpreting the same statutory text and legislative history as the *Wright* court—

found a "fair reading" of § 102(2) indicates that a claim enforceable only against the debtor's

property is nonetheless a claim against the debtor for purposes of the Code, the *Wright* court

reached the opposite conclusion. *Johnson*, 501 U.S. at 85. The *Wright* court based its conclusion

on language from a House committee report stating that § 102(2) "is intended to cover nonrecourse

loan agreements." *Wright*, 183 B.R. at 543. The only problem is that four years earlier the

Supreme Court read the same committee report as evidence that § 102(2):

> contemplates*, inter alia*, "nonrecourse loan agreements where the creditor's only
> rights are against the property of the debtor, and not against the debtor personally."
> Insofar as the mortgage interest … is enforceable only against the debtor's property,
> this interest has the same properties as a nonrecourse loan.

*Johnson*, 501 U.S. at 85 (citations to the committee report omitted). Because the *Johnson* ruling

is clear and clearly applicable to the present case, there is no need to muddy the waters with

*Wright*'s disregard for it. *See also In re Garcia*, 276 B.R. 627, 631-32 (Bankr. D. Ariz. 2002)

("[T]he post-*Johnson* cases that persist in relying on the supposed lack of a debtor-creditor

relationship are at best highly suspect unless they can successfully distinguish *Johnson*, which

none of them does.").

Attempting to distinguish *Johnson* from the facts of the present case, Creditor notes that Johnson was (i) liable for the debt prior to his chapter 7 discharge and (ii) the owner of the mortgaged property. Creditor's first observation is not a distinction, because after Johnson obtained his chapter 7 discharge and at the time of his chapter 13 petition he was not personally liable, just as we have assumed (for the sake of argument) that Debtor is not personally liable. Creditor's second observation—that Johnson was the owner of the mortgaged property—also fails to distinguish the present case. Because, as Creditor points out, "Debtor is the beneficiary of the land trust that holds title to the Property," Debtor is the owner of the mortgaged property under Illinois law, as further described in the next Sub-Section II.B.

Creditor fails to persuade the court that *Johnson* does not govern the present case and Creditor does not deny that it holds a claim against the Property. Therefore, if the Property is Debtor's property, then *Johnson* instructs that Creditor holds a claim against Debtor for purposes of the Code. *See Johnson*, 501 U.S. at 85.

### B. Under Illinois law, the Property is Debtor's personal property

It is long-established as a fundamental tenet of bankruptcy law that

> Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Butner v. U.S.*, 440 U.S. 48, 54-55 (1979). In Illinois, it is an even longer-established fundamental tenet of property law that "[t]he beneficiaries [of a land trust] … exercise all rights of ownership other than holding or dealing with the legal title." *Robinson v. Chicago National Bank,* 32 Ill.App.2d 55, 176 N.E.2d 659, 661 (1st Dist. 1961). Under the Illinois Land Trust Beneficial Interest Disclosure Act, a "land trust" is

8

any express agreement or arrangement whereof a use, confidence or trust is declared of any land, or of any charge upon land, for the use or benefit of any beneficiary, under which the title to real property, both legal and equitable, is held by a trustee … and under which the interest of the beneficiary is personal property only.

765 ILCS 405/1.  Indeed, as this court has explained, one of the "four distinctive characteristics of every land trust" is that "[t]he beneficiary's interest in the property is personal property." *In re Kress Rd. P'ship*, 134 B.R. 292, 298 (Bankr. N.D. Ill. 1991) (quoting KENOE ON LAW TRUSTS).

This understanding of the land trust beneficiary's interest in the *res* property is a longstanding feature of Illinois law.  *See Horney v. Hayes,* 11 Ill.2d 178, 142 N.E.2d 94, 97 (1957) ("It has been repeatedly held that beneficial interests under [Illinois land] trusts are personal property."); *Quinn v. Pullman Trust & Savings Bank,* 98 Ill.App.2d 402, 240 N.E.2d 791, 793 (1st Dist. 1968) ("The interest of the beneficiaries of the [Illinois land] trusts is personal property."); *Shefner v. University National Bank,* 40 Ill.App.3d 978, 353 N.E.2d 126, 128 (1st Dist. 1976) ("The law is well settled in Illinois that the beneficial interest under a land trust is personal property.").  As early as 1962, the Illinois Supreme Court stated that "[t]he law of this State and the decisions of reviewing courts for more than 80 years have encouraged public reliance upon the real property concepts exemplified in the land trust now before us."  *Chicago Federal Savings & Loan Ass'n v. Cacciatore,* 25 Ill.2d 535, 185 N.E.2d 670, 674-76 (1962) ("Cacciatore's beneficial interest is personal property as distinguished from real estate by the terms of the recorded trust deed, the trust agreement itself, and by settled Illinois law.").

In the present case, neither the trust deed nor the trust agreement is before the court, but the parties agree that when Borrower passed away, Debtor (along with her son) became a successor in interest to 100% of the beneficial interest in the land trust holding the Property.  Dkt. No. 16, para. 7; Dkt. No. 23, para. 3.  That the land trustee retains legal and equitable title to the Property,

9

and granted a mortgage on the Property, is of no import.  Plainly under Illinois law, the beneficial interest in the land trust is Debtor's personal property.

### C. *Unless modified, the automatic stay prevents Creditor from proceeding against Debtor or the Property*

There are two key consequences that flow from the conclusion that the Property is property of Debtor under Illinois law.  First, as argued in Sub-Section II.A above, Creditor's *in rem* claim against the Property is, for purposes of the Code, a claim against Debtor that is suitable for inclusion in Debtor's chapter 13 plan.  Second, upon the filing of Debtor's chapter 13 petition, the Property became property of the estate under § 541(a)(1).  As such, § 362(a) stays, among other things, the following activities:

(1) the commencement or continuation of a judicial, administrative, or other action or proceeding to recover a claim against Debtor;

(2) the enforcement, against Debtor or the Property, of a judgment obtained before the commencement of the case;

(3) any act to obtain possession of or exercise control over the Property; and

(4) any act to enforce any lien against the Property.

*See* 11 U.S.C. § 362(a).  The stay remains in effect unless and until modified by the court or discontinued by operation of § 362(c), and it prevents Creditor from foreclosing on the Property.

### III.    *Creditor has failed to articulate any alternative grounds for relief*

Judging from the evidence in the record, there is sufficient equity in the Property to adequately protect Creditor's interest in it.  On the facts and arguments before the court, there is no cause to modify the stay under § 362(d).  That being said, Debtor is behind in payments to the chapter 13 trustee and seemingly has a dispute with Creditor over the amount of the deficiency.

10

These issues must be addressed prior to confirmation, but do not constitute cause to modify the stay.

### **Conclusion**

The motion for relief from the automatic stay is denied without prejudice to refile if Debtor is unable to adequately protect Creditor's interest in the Property, make payments, agree on the amount of the deficiency or otherwise provide evidence of the amount that is owed. A separate order will be entered in accordance with this Memorandum.

Dated:  September 13, 2021

ENTER:

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

11